Edgar A.Dumont

vs                                                    No.8649

J.D.O'Keefe,Receiver and C Appellant.

      Charles F.Claiborne,Judge.

**8649**

June 25th 1923 .

Court of Appeal

June 25/23

889

One of defendants' cars ran into the plaintiff's automobile and demolished it.Hence this suit for its value.

The facts are that the defendants run a double track line of cars up Magazine Street and through Audubon Park; the tracks through the Park are on a neutral ground on the River side of a paved road-way wide enough to accommodate vehicles; at the upper end of the Park,at a distance of about 100 feet before reaching Walnut Street;there is no more neutral ground and Magazine Street narrows to such an extent that the entire street is occupied by the two tracks,leaving no room for vehicles on either side;just before reaching that narrow point the two tracks leave the neutral ground,and cross the above roadway diagonally on the right over a distance of about 85 feet with a well defined curve exceeding 45 decrees,and one track proceeds up the right side of Magazine Street within a few feet of the side walk,making a sort of triangle or pocket between the car tracks and the side walk on the lake side.For that reason,a vehicle running up the roadway within the Park,must of necessity drive upon and across the right hand side track when it leaves the roadway to go up Magazine Street.

The plaintiff alleges that on the morning of January 23rd 1923 at about ten O'Clock,his wife was driving his automobile up Magazine Street through Audubon Park;that she entered a few feet upon the track of the Magazine car at the point where the track makes a triangle with the sidewalk " when suddenly,and without warning,said automobile was struck from behind by a street car coming up Magazine and operated*by the defendant company;that it was struck wuth such force as to hurl it against

a tree on the sidewalk,and totally wrecked it.He claims the value of the car $1600 .

The answer alleges that on the morning above stated "an automobile driven by a lady was driven upon the tracks upon which respondent's Magazine cars are operated in Magzine Street at the upper end of Audubon Park,at a time when one of said cars was so close upon the automobile that the motorman could not possibly stop it in time to avoid a collision," and it charges plaintiff with negligence and heedless disregard of warnings.

There was judgment for the plaintiff for $1575 ,and the defendants have appealed.

Our examination of the testimony leads us to the conclusion that the plaintiff reached the point where the Magazine Street car enters into Magzine Street just where it begins to be too narrow to admit of an automobile on the side of the track and at the triangle above mentioned where the plaintiff had to cross at least the single rail next to the sidewalk in order to proceed up Magazine Street;that she entered upon that rail or track without stopping,or slowing up,or looking, and that by omitting such precautions required equally by care and jurisprudence she was guilty of gross imprudence which, under ordinary circumstances,would have fixed the consequences upon herself,and would have prevented her from recovering 19 A 304-47 A 268-48 A 1,933-49 A 1302-50 A 1087-51 A 262 299-52 A 245-2149-105 La 418-427-116 La 475-789-1107-124 La 37-43-125 La 777-778- No.7405 Ct.App.No.7988 Ct.App. No.8127 Ct.App No.8595 Ct.App.

Even under former jurisprudence,she could not have recovered from the defendant,even if it hadbeen guilty of negli gence,inasmuch as the fault would have been mutual 2 H.D. 1054 C - 39 A 796-42 A 1046-1053 .

But under modern jurisprudence,

the plaintiff is entitled to recover if,notwithstanding negli-gence,the defendant,in the exercise of due care,could and should have avoided the accident.This is the application of the doc-trine of the last clear chance as recognized by this Court in the cases Nos.7405-7988-8127-7824-7993 and by the Supreme Court in 39 A 799-46 A 1554-105 La 229-52 A 417-116 La 789- leading case Mc Clanahan vs RRD.111 La 781-125 La 777-778-898-124 La 165 171 -143 La 60 .

We are of the opinion that the defendants could and should have avoided the accident.We are satisfied that the de-fendants car entered the Park after the plaintiff,and that it followed the plaintiffs' automobile until the moment of the collision.There was absolutely nothing to intercept the view at any time between the car and the automobile.

Not only there was a motorneer on the front platform of the car. but there was also a pitman.They say that when they first saw the automobile it was thirty-five feet ahead of them.If they did not see it sooner it was their fault.They must be held to a knowledge of the fact that when they approached the curve,they had to cross the roadway in order to reach Magazine Street,and that all vehicles driving up that roadway also had to cross the same street,and that it was a danger point.It was so well known to the employees of the defendants,that Edward Boehm,pitman for the defendants,testifies: " I had to make a stop anyhow,coming to that curve,and you know they dont allow you to go on that curve without stopping".The distance between the beginning of the curve and the point of collision is 87 feet of clear view over a paved street.There was no ~~exercise~~ excuse for the employ-ees of the defendants not to have see the automobile on the other end of the curve,and they knew that the plaintiff had to cross the track at that point,for that was on her only line of travel, and she had no other road upon which to go.Under those peculiar circumstances of known danger there was an obligation on the part of the defendants employees to exercise more than ordinary care. But ordinary

care alone would have avoided the accident.

"It is the duty of the chauffeur of an automobile to look out for pedestrians at street crossings and to take all needful precautions to avoid collisions with them".130 La 648,

"The motorman had reasons to believe that persons might be attempting to cross at the foot crossings of that narrow street and he should have been certain that the crossing was clear before taking his car over it.125 La 898 .

"WHile plaintiff was negligent in attempting to cross the defendant's track at a sharp curve without stopping to look and listen at the proper time and place,the Company will be held liable when the evidence shows that the engineer saw the danger in time to avoid the accident by sounding the whistle or applying the brakes".116 La 789.

"There was no proper care on the part of the employee in charge of defendants electric car.Such care and diligence must be exercised at dangerous places on a railway to avoid inflicting injury,as the proper manning of a car requires" 51 A 146.

"The duty was by the ordinances of the municipality and rules of safety,imposed upon the defendant train to stop at the crossings.It was not stopped".Judgment for plaintiff 50 A 501 .

Judgment affirmed.

June 25th 1923 .